NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RAMADA WORLDWIDE, INC., | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 06-00041 (DMC) |
| AGA HOSPITALITY, INC., SHARIF RAMESH GANDI, MARIA REIS, and NASEEM PARPIA, | : | |
| Defendants/Third Party Plaintiffs, | : | |
| v. | : | |
| PARAGON TRIPLE S, INC., and BALBIR S. CHHOKAR, | : | |
| Third Party Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Third Party Defendants Triple S. Inc., ("Paragon") and Balbir S. Chhokar ("Chhokar") (collectively "Third Party Defendants") to dismiss the Third Party Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)[1]. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following,

---

[1] This motion was incorrectly titled as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court construed Third Party Defendants' motion as a motion made pursuant to Rule 12(b)(2) in order to "do substantial justice," as required by Rule 8(f).

it is the finding of this Court that Third Party Defendants' motion to dismiss is **granted**.

I. BACKGROUND

    A. **Procedural Background**

This action was originally brought by Plaintiff Ramada Worldwide, Inc., ("Ramada") formerly known as Ramada Franchise Systems, Inc. against Defendants AGA Hospitality, Inc. ("AGA"), Sharif Ramesh Gandi, Maria Reis and Naseem Papria (collectively the "Individual Defendants"). The Complaint was filed in this Court on January 6, 2006 and seeks damages based on AGA's alleged breach of AGA's License Agreement with Ramada. On March 31, 3006, AGA and the Individual Defendants (collectively "Third Party Plaintiffs") filed an Answer, Affirmative Defenses, Counterclaim and Third Party Complaint against Paragon and Chhokar.

Third Party Defendants move to dismiss the Third Party Complaint filed against them, arguing that this Court lacks personal jurisdiction over Paragon and Chhokar. Specifically, Paragon contends that it is no longer a corporation because its corporate existence was dissolved by the Secretary of State of Georgia effective December 30, 2005. See Aff. of Babir S. Chhokar ("Chhokar Aff.") ¶7. In response, Third Party Plaintiffs contend that this Court has personal jurisdiction over Third Party Defendants because of Paragon's previous franchise relationship with Ramada and because the Lease Agreement between Paragon and AGA incorporates the Ramada-AGA License Agreement. Alternatively, Third Party Plaintiffs request that this Court allow for jurisdictional discovery from Paragon if the Court does not presently believe that a sufficient basis exists to exercise personal jurisdiction.

    B. **Factual Background**

Prior to the dissolution of Paragon as a corporate entity, Paragon owned property located at

2020 Eatonton Road, City of Madison, County of Morgan, Georgia (the "Property"). Chhokar Aff. ¶8. Paragon leased the Property to AGA pursuant to a Lease Agreement dated October 5, 2001 (the "Lease Agreement") and thereafter amended on November 22, 2002 (the "Amendment"). Chhokar Aff. ¶9. The Lease was executed in Georgia, by business entities from Georgia and provides for Georgia law to apply. Chhokar Aff. ¶10; see Third Party Defs. Ex. A, "Lease" § 32. AGA used this property to operate a Ramada franchise, pursuant to its License Agreement with Ramada.

Both parties dispute the timing and conditions of the termination of the Lease. Third Party Defendants contend that AGA abandoned the Property on or about November 30, 2003. Chhokar Aff. ¶11. To the contrary, Third Party Plaintiffs argue that during July 2003, Paragon sought to prematurely terminate the Lease and that "ultimately AGA succumbed to Paragon's interference with its hotel operations and surrendered the premises. Aff. of Sharif Ramseh Gandi ("Gandi Aff.") ¶7-9.

## II.  STANDARD OF REVIEW

"It is well-established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). However, when a defendant raises a jurisdictional defense, as Third Party Defendants have in this case,

> the burden falls on the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. Carteret Sav. Bank v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434 (3d Cir. 1987)). In this

case, Third Party Plaintiffs must establish that sufficient contacts exist between Third Party Defendants and New Jersey in order to defeat the challenge to this Court's jurisdiction.

**III.     DISCUSSION**

New Jersey's long-arm statute is coextensive with the Due Process Clause of the Constitution. N.J. Civ. Prac. R. 4:4-4. Thus, federal courts applying New Jersey's long-arm statute may assert personal jurisdiction over non-resident defendants to the extent permitted by principles of due process. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). The exercise of this Court's jurisdiction comports with constitutional due process if Third Party Defendants have "purposefully directed [their] activities toward residents of the forum state, or otherwise 'purposefully availed [themselves] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.' " Id. at 259 (internal citations omitted). See also Hanson v. Denckla, 357 U.S. 235, 253 (1958); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be exercised under either a general or specific jurisdiction theory. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). Here, Third Party Plaintiffs contend that the Court may assert jurisdiction over Third Party Defendants based on a specific jurisdiction theory.

To meet the burden of showing that specific jurisdiction exists over Paragon and Chhokar, Third Party Plaintiffs must satisfy two requirements. See IMO Indus., Inc., 155 F.3d at 259. First, Third Party Plaintiffs must establish that Paragon and Chhokar have "constitutionally sufficient minimum contacts with [New Jersey]." Toys "R" Us, 318 F.3d at 451 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462 , 474 (1985)). Second, to satisfy due process requirements, personal

jurisdiction over Third Party Defendants must comport "with traditional notions of fair play and substantial justice," for example, Third Party Defendants "should reasonably anticipate being haled into court in the forum." Id. (internal quotation marks and citations omitted).

## IV.   ANALYSIS

### A.   Minimum Contacts

Third Party Defendants contend that this Court lacks sufficient minimum contacts to exert personal jurisdiction over them, arguing that neither Paragon nor Chhokar have purposefully directed their activities at residents of New Jersey, thereby invoking the benefit and protections of New Jersey's law. In regard to Chhokar, Third Party Defendants note that Third Party Plaintiffs fail to assert any specific facts that would support exercise of this Court's jurisdiction over him. Specifically, they emphasize that Chhokar "was simply a shareholder of Paragon, a Georgia resident, with no business, property or other contacts with New Jersey." Third Party Pls. Reply at 6. This Court agrees that Third Party Plaintiffs have failed to show that sufficient minimum contacts exist to warrant exercise of this Court's jurisdiction over Chhokar.

In regard to Paragon, Third Party Defendants argue that the cause of action does not arise from any contacts Paragon has with New Jersey. Third Party Defs. Reply Br. at 6-7 (citing Telesis Mergers & Acquisitions, Inc. v. Altis Fed. Servs., Inc., 918 F. Supp. 823 (D.N.J. 1996)). Here, Third Party Defendants correctly note that Paragon's contacts with New Jersey arise solely from Paragon's previous contractual relationship with Ramada. In response, Third Party Plaintiffs first argue that sufficient minimum contacts exist in light of Paragon's role as the original Ramada franchise holder. Specifically, Third Party Plaintiffs argue that based on the fact that Paragon *previously* made use of

the protection of New Jersey state laws, they may fairly be haled into court in this jurisdiction. While it is true that Paragon has previous contacts with New Jersey it is not apparent to this Court that this cause of action arises from Paragon's previous franchise relationship with Ramada. As such, these previous contacts are not sufficient grounds to find that this Court may exercise personal jurisdiction over Paragon. In sum, Paragon could not reasonably have anticipated being haled into court in New Jersey based on the Paragon-Ramada Licence Agreement that terminated years ago.

Additionally, Third Party Plaintiffs argue that this Court may properly exercise jurisdiction over Third Party Defendants because the Lease references and incorporates the Ramada Franchise Systems agreement. Specifically, Third Party Plaintiffs identify three provisions of the Lease that in some way reference the License Agreement. First, Section 2 of the Lease indicates that the "Lease Agreement shall commence upon notification to Lessee of Lessee's approval for the Ramada Franchise Systems, Inc." Third Party Pls. Ex. A, Lease, at 2. Additionally, the Lease was "specifically conditioned upon . . .(a) Ramada Franchise Systems, Inc.'s approval of Lessee's Ramada franchise for the Premises" and "(e) Lessor's cooperation, to the extent commercially and reasonably possible, with Lessee for the transfer of the Ramada franchise to Lessee by Ramada Franchise Systems, Inc." Id. at 4. Second, Section 6 of the Lease states that "[t]he Premises are to be used solely for the purpose of operating a Ramada hotel facility." Id. at 5. Third, Section 9 requires that AGA "surrender the Premises at the end of the lease term in operating condition for the purpose of operating a Ramada hotel facility." Id. at 6. Further, Section 13 allows for "periodic inspections by Ramada Franchise Systems, Inc." Id. at 7.

None of the Third Party Plaintiffs' arguments are persuasive. As an initial matter, Third

Party Plaintiffs fail to cite any law that these types of contractual provisions arise to sufficient minimum contacts for jurisdictional purposes. Moreover, even if this Court were to find that these contractual provisions effectively incorporate the Ramada-AGA License Agreement, such a finding does not compel the conclusion that specific jurisdiction over Paragon exists. Paragon was not availing itself of the protection and benefits of New Jersey law by referencing another contract.

Finally, Third Party Plaintiffs also ask this Court to exercise its discretion to find that traditional notions of fair play and substantial justice should allow exercise of this Court's jurisdiction over Third Party Defendants. See Third Party Pls.Opp'n Br. at 8-9. Third Party Plaintiffs unpersuasively argue that this Court may exercise its jurisdiction over Paragon and Chhokar because New Jersey has an interest in adjudicating the dispute due to the fact that "the underlying Complaint based on the same series of events is already pending in its Courts." Third Party Pls. Opp'n Br. at 9. Further, Third Party Plaintiffs contend that this Court should exercise its jurisdiction over Third Party Defendants to avoid "duplicitous proceedings." In light of the fact that this Court has already concluded that minimum contacts do not exist to assert jurisdiction over Third Party Defendants, these additional reasons set forth by Third Party Plaintiffs are not a sound basis for asserting jurisdiction over Paragon and Chhokar.

      **B.**    **Request for Jurisdictional Discovery**

Third Party Plaintiffs' request that this Court allow jurisdictional discovery is frivolous and accordingly denied. See Am. Centennial Ins. Co. v. Handal, 901 F. Supp. 892 (D.N.J. 1995) (holding that while jurisdictional discovery is ordinarily allowed, where such discovery would be frivolous it should be denied); Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A.

D'Assurances, 723 F.2d 357, 362 (3d Cir. 1983) (emphasizing that plaintiff bears the burden of demonstrating sufficient contacts to give the court personal jurisdiction). Here, Third Party Plaintiffs ask this Court to allow jurisdictional discovery on the possible theory that "by the terms of the original agreement Paragon executed, it continued to be bound by [the forum selection clause of] the agreement after a Ramada 'permitted transfer' took place, and that the forum selection clause therefore designated New Jersey as the forum for any suit." Third Party Pls. Opp'n Br. at 10. Third Party Plaintiffs only speculate that such a transfer took place. To the contrary, the facts indicate that Ramada terminated its franchise relationship with Paragon and entered into a franchise agreement with AGA. In sum, Third Party Plaintiffs fail to meet their burden of showing that this Court has jurisdiction over Third Party Defendants.

**V.     CONCLUSION**

For the reasons stated, it is the finding of this Court that Third Party Defendants' motion to dismiss is **granted**. An appropriate Order accompanies this Opinion.

                                                          S/ Dennis M. Cavanaugh
                                                          Dennis M. Cavanaugh, U.S.D.J.

Date:           March   28  , 2007
Orig.:          Clerk
cc:             Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File